CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 04, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JAHAAD OBIE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00148 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SERGEANT FULLER, ET Al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Jahaad Obie, Pro Se Plaintiff; Timothy E. Davis, Assistant Attorney General,* OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, *Richmond, Virginia, for Defendants.*

Plaintiff Jahaad Obie, a Virginia Department of Corrections (VDOC) inmate confined at Red Onion State Prison (Red Onion), brings this pro se action pursuant to 42 U.S.C. § 1983 against Red Onion employees Sergeant Fuller, Unit Manager Larry Collins, and Qualified Mental Health Provider (QMHP) Kegley. Obie alleges that for nearly a month he was housed in a cell without an operable sink. He claims that the defendants' failure to provide an operable sink constituted deliberate indifference to his need for basic hygiene and drinking water in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. He also alleges that this deliberate indifference amounted to gross negligence under Virginia law, causing him personal injury, emotional distress, and mental anguish.

Obie seeks compensatory and punitive damages, as well as equitable relief. The defendants have filed a Motion to Dismiss. For the reasons set forth below, I will grant the motion.

I.

The following facts alleged by Obie are accepted for the sole purpose of the consideration of the Motion to Dismiss.

On July 27, 2023, Obie notified a Red Onion officer that he was experiencing suicidal thoughts. Unit Manager Collins then had him moved to a segregation cell in order to comply with inmate mental health precautions. When Obie found that the sink in this cell was inoperable, he informed QMHP Kegley, who had come to Obie's cell to assess him. Kegley assured him that the sink would be fixed. Later that day, Obie reported the issue to Sergeant Fuller, who similarly assured him. Obie was removed from mental health precautions on July 31, 2023, but remained in the same cell. He again reported the broken sink to Sargeant Fuller, who again promised its repair.

On August 7, 2023, with the sink still unrepaired, Obie filed a written complaint. He received a response on August 15, 2023, stating that the maintenance department had been notified and that a work order had been submitted. On August 21, 2023, Obie filed a "regular" or second stage grievance. The sink was finally

repaired on August 24, 2023. The next day, Obie filed a grievance requesting the termination of Fuller, Collins, and Red Onion's Chief of Housing, which was denied.

Obie alleges that during the 29 days the sink was inoperable, he was not provided with liquids, except at breakfast when he received 16 ounces of milk, eight ounces of coffee, and occasionally four ounces of juice. On non-daily shower days, Obie resorted to filling an empty lotion bottle with shower water for drinking. This experience caused him to suffer dehydration, constipation, mental anguish, and emotional distress, for which he received treatment and medication.

## II.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, parties may move for dismissal based on the "failure to state a claim upon which relief can be granted." The function of a 12(b)(6) motion to dismiss is to "test the sufficiency of a complaint; importantly, it does not resolve factual disputes, the merits of a claim, or the applicability of defenses." *The Collection, LLC v. Valley Bank*, No. 4:09CV00007, 2009 WL 2357145, at *3 (W.D. Va. July 31, 2009) (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The pleadings of a pro se litigant are entitled to a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In other words, "a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner,* 404 U.S. 519 (1972)).

### III.

I first consider Obie's claims of deliberate indifference against all three defendants, as they form the basis of his Eighth Amendment claims. "To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) (internal quotation marks omitted).

To prove the objective element, the inmate must allege "extreme deprivations" exceeding the "routine discomfort" that is part of the prison penalty for committing a crime. *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). To prove extreme deprivation,

Obie must demonstrate a denial of "the minimal civilized measure of life's necessities" and "a serious or significant physical or emotional injury . . . or a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Hudson*, 503 U.S. at 9 (internal quotation marks and citations omitted); *De'lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citations omitted).

Obie's allegations establish a sufficiently serious deprivation to meet this test. Obie alleges that for 29 days he received only 24 to 28 ounces of drinkable liquids daily, had no means to wash his hands, and drank shower water from a lotion bottle. This deprivation caused dehydration and constipation, which were treated with medication. Therefore, Obie satisfies the objective element of his Eighth Amendment claim. In other words, based on Obie' factual allegations, I find that his treatment, if true, was serious enough to pass the test of a constitutional violation. The more difficult question is whether the defendants had the required mental knowledge making them responsible for that treatment.

To meet the subjective element, the inmate must establish that a prison official knew of and "disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Furthermore, the official

must have "subjectively recognized that his actions were inappropriate in light of that risk." *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (internal quotation marks and citation omitted).

Obie fails to meet the subjective element for deliberate indifference against any of the defendants. While Obie demonstrates that Kegley, Collins, and Fuller were aware of the sink's inoperability, from which they could infer a substantial risk of serious harm to Obie, there is no evidence suggesting their deliberate indifference to such a risk.

First, Kegley assured Obie that the sink would be repaired, but had no responsibility for the repair, because that would exceed the scope of his duties as a QMHP. Next, to state a claim against Collins under § 1983, Obie must plausibly allege that Collins, "through [his] own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. However, Obie never claimed to have told Collins about the sink. He only claims that Collins was deliberately indifferent to his need for water based on Collins's knowledge of Red Onion policy that "clearly established that staff are not supposed to leave an inmate in a cell for an extended period of time, with no water to drink or wash hands with." Mem. Opp'n Defs.' Mot. Dismiss 9, ECF No. 18. Notwithstanding Obie's failure to cite any specific policy that Collins may have violated, allegations that state officials have not followed their own policies or procedures, standing alone, do not amount to

constitutional violations, and are thus not actionable under § 1983. *United States v. Caceres*, 440 U.S. 741, 752-55 (1979).

Lastly, Obie has not shown that Fuller "subjectively . . . acted with a 'sufficiently culpable state of mind.'" *Quinones*, 145 F.3d at 167 (quoting *Wilson*, 501 U.S. at 298). Obie informed Fuller of the sink's inoperability on July 27 and again on July 31. However, there is nothing to suggest that Fuller made the connection between the sink and Obie's medical conditions, or any risk thereof. In fact, Obie did not report his ailments until after the sink was repaired. Fuller's actions may support a claim of negligence, but not an Eighth Amendment violation. *See Farmer*, 511 U.S. at 838 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.").

For these reasons, Obie has not established the subjective element of his Eighth Amendment claims. Accordingly, the defendants' Motion to Dismiss is granted on this issue.

## IV.

Having dismissed all of Obie's federal claims, the court must now determine whether his state law claims can proceed. Because Obie's state law claims derive from a common nucleus of operative fact as his Eighth Amendment claims, the court may exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. §

1367(a). Nevertheless, district courts may decline to exercise jurisdiction over any remaining state law claims once the federal claims have been dismissed. 28 U.S.C. § 1367(c)(3). In determining whether to exercise supplemental jurisdiction, courts must consider factors such as "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Generally, consideration of these factors in cases where all federal claims are dismissed point toward declining to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Considering the relevant factors, I find that the parties would not be inconvenienced or unfairly prejudiced by dismissal of Obie's remaining state law claims. Under Virginia law, the statute of limitations for personal injury is two years after the injury was sustained. Va. Code Ann. §§ 8.01-230, -243. Obie reported his injuries at some unknown time after the sink was repaired on August 24, 2023. Additionally, under 28 U.S.C. § 1367(d), the statute of limitations is tolled while the claim is pending in federal court and for 30 days after dismissal. *Cf. Ketema v. Midwest Stamping, Inc.*, 180 F. App'x 427, 428 (4th Cir. 2006) (unpublished) (holding that dismissal is an abuse of discretion where the state statute of limitations expired prior to dismissal of the anchor federal claim).

While judicial economy may be served by retaining jurisdiction over Obie's gross negligence claims, they are not related to any issues of federal policy. Finally, the comity factor weighs in favor of declining to exercise supplemental jurisdiction. Accordingly, the Motion to Dismiss the plaintiff's claims of gross negligence against the defendants is granted.

V.

For the foregoing reasons, the defendants' Motion to Dismiss, ECF No. 11, is GRANTED. The plaintiff's remaining state law claims are DISMISSED WITHOUT PREJUDICE. A separate judgment will be entered herewith.

It is so **ORDERED**.

ENTER: December 4, 2024

/s/ JAMES P. JONES
Senior United States District Judge